UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOANN K. MOELLER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:07-CV-1820 CAS |
| FORD MOTOR COMPANY, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

The matter is before the Court on defendant Bommarito Pontiac South, Inc.'s motion to dismiss, made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. In its motion, defendant Bommarito Pontiac South, Inc. ("Bommarito") argues it was fraudulently joined in this removed action and should dismissed from the case because plaintiffs' claims against it are barred by the applicable statute of limitations. Defendants Ford Motor Company ("Ford") and Mazda Motor of America, Inc. ("Mazda") have also moved to dismiss. In their motion, these defendants argue plaintiffs' claims against them should be dismissed under the so-called "first-filed rule," because there is a duplicate action pending in state court. For the following reasons, the Court will deny Bommarito's motion to dismiss. Furthermore, as Bommarito is a resident of Missouri, the case was not properly removed on the basis of diversity, and the Court will be remand the case to state court for further proceedings.

### *I. Background*

This case arises from a motor vehicle accident involving a 2004 Mazda Tribute that occurred on May 28, 2004. The tragic accident killed plaintiffs' only two children, Courtney and Dane Moeller, and severely injured plaintiff Joann Moeller.

On May 23, 2005, plaintiffs Joann and Robert Moeller, who are husband and wife, filed suit in the Circuit Court of St. Louis County against Ford, Mazda, and Bommarito, in a case captioned Moeller, et al., v. Ford Motor Co., et al. (Moeller I), Cause No. 05CC-0022000. In Moeller I, plaintiffs included state law causes of actions against these three defendants for the wrongful deaths of their two children, as well as for injuries sustained by JoAnn Moeller and for loss of consortium for plaintiff Robert Moeller.

Shortly after Moeller I was filed, Bommarito, which was allegedly the dealer that sold the 2004 Mazda Tribute, moved that it be dismissed pursuant to Missouri Revised Statute Section 537.762, which is know as the "Innocent Seller Statute." Bommarito's motion was granted, and on September 2, 2005, the Circuit Court dismissed Bommarito, without prejudice, pursuant to Mo. Rev. Stat. § 537.762.

On September 17, 2007, plaintiffs voluntary dismissed, without prejudice, their wrongful death action regarding the death of their daughter against all the defendants. All other claims remained pending in Moeller I. On October 12, 2007, plaintiffs then filed a separate suit in St. Louis County Circuit Court against Ford, Mazda, and Bommarito, which was captioned Moeller, et al., v. Ford Motor Co., et al. (Moeller II), Cause No. 07SL-CC00230.[1] In Moeller II, plaintiffs re-asserted, against all three defendants, their state law cause of action for the wrongful death of their daughter.

On October 24, 2007, defendants Ford and Mazda removed Moeller II to this Court pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction. In their notice of removal, defendants admit Bommarito "is a citizen of Missouri, incorporated under the Laws of the State of Missouri and

---

[1] Moeller I remains pending in St. Louis County Circuit Court, and according to defendants Ford and Mazda, the case is set for trial on February 24, 2008.

having its principal place of business in Missouri." See Defendants' Notice of Removal at 2, ¶ 5. Defendants maintain, however, that Bommarito was fraudulently joined in Moeller II, because the applicable statute of limitations has run against it. On November 13, 2007, defendants filed the two motions to dismiss that are presently before the Court.

*II. Standard*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the long-standing 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Pleadings, however, must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Applying this

3

standard, the Court finds plaintiff has stated a claim upon which relief can be granted as to Bommarito.

### *III. Discussion*

**A.     Plaintiffs' Claims Against Bommarito Are Not Barred by the Statute of Limitations.**

In its motion, defendant Bommarito moves to dismiss plaintiffs' claims against it, arguing Moeller II was filed outside the three-year statute of limitations that is applicable to wrongful death claims in Missouri. Bommarito argues the accident in question occurred on May 28, 2004; Moeller II was filed on October 12, 2007, more than three years later, ergo the suit against it is time-barred. The Court finds the required analysis in this case is not so simple. As plaintiffs did file a timely suit against Bommarito for the wrongful death of Courtney Moeller, the Court must consider the effect of Bommarito's dismissal under the Innocent Seller Statute, and the whether Missouri's savings statute applies under the circumstances of this case.

**1.     Missouri's Innocent Seller Statute**.

Under Missouri's Innocent Seller Statute, Mo. Rev. Stat. § 537.762, a defendant in a products liability action "whose liability is based solely on its status as a seller in the stream of commerce" may be dismissed from a lawsuit if the manufacturer is "properly before the court" and "total recovery may be had for plaintiffs' claims." Id. The statute, however, does not affect the substantive liability of the seller. Malone v. Schapun, Inc., 965 S.W.2d 177, 182 (Mo. Ct. App. 1997); Pruett v. Goldline Labs., Inc., 751 F. Supp. 1372, 1372 (Mo. Ct. App. 1990). The seller remains liable, and the order of dismissal may be set aside if it should become apparent that the plaintiffs cannot obtain full recovery from the remaining defendants in the case, for instance, if the manufacturer should become insolvent, or if it becomes apparent that the named manufacturer did not in fact manufacture the

4

defective device in question. Mo. Rev. Stat. § 537.762; Malone, 965 S.W.2d at 182; Magnuson by Mabe v. Kelsey-Hayes Co., 844 S.W.2d 448, 454 (Mo. Ct. App. 1992) (trial court granted seller's motion to dismiss under § 537.762, but later vacated the dismissal on post-judgment motions.). For this reason, Missouri courts have found the statute is procedural in nature. It allows the seller to be dismissed without prejudice from the action at an early stage, which spares the seller from having to engage in costly litigation and eliminates the need for the seller to seek indemnification from the manufacturer after the litigation is complete. Drake v. North Am. Phillips Corp., 204 F. Supp.2d 1204, 1206 (E.D. Mo. 2002). See also Pruett, 751 F. Supp. at 1372 (Mo. Ct. App. 1990).

The statute specifically provides that dismissals under the statute are to be made without prejudice: "If the requirements of . . . this section are met, and no party comes forward . . .with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dismiss <u>without prejudice</u> the claim as to that defendant." Mo. Rev. Stat. § 537.762 (emphasis added). In fact, such order of dismissal is to be "interlocutory" and not final "until final disposition of the plaintiff's claim by settlement or judgment." Id. The statute also provides:

> No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes. Mo. Rev. Stat. § 537.762

As discussed above, shortly after Moeller I was filed, Bommarito moved that it be dismissed from the case pursuant to Mo. Rev. Stat. § 537.762. On September 2, 2005, the state court granted Bommarito's request, and it was dismissed without prejudice. Under Missouri substantive law, it remained potential liable for claims relating to Courtney Moeller's death in Moeller I until the time

5

plaintiffs voluntarily dismissed those claims on September 17, 2007.[2] Pender v. Bell Asbestos Mines, Ltd., 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999). Therefore, Bommarito remained in the Courtney Moeller wrongful death cause of action until plaintiffs voluntarily dismissed, without prejudice, that action on September 17, 2007. Pender, 46 F. Supp. 2d 937 (E.D. Mo. 1999) (finding, for purposes of deciding diversity jurisdiction, that resident defendant remained a party in state court action, despite the fact the resident defendant had been dismissed from the suit pursuant to Mo. Rev. Stat. § 537.762); Dorsey v. Sekisui Am. Corp., 79 F. Supp. 2d 1089, 1092 (E.D.Mo. 1999) (same); Goldman v. Techtronics Pacing Sys, 4:96-CV-2504 CDP (E.D. Mo. May 2, 1997) (Perry, J.) (same); Carney v. BIC Corp., 4:95-CV-417 DJS (E.D. Mo. July 14, 1995) (Stohr, J.) (same).

### 2. Missouri's Savings Statute.

The Missouri savings statute, Mo. Rev. Stat. § 516.230, states that if a plaintiff shall have timely commenced a lawsuit and thereafter suffers a nonsuit, "such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . ." A plaintiff suffers a nonsuit when a plaintiff voluntarily dismisses a cause of action without prejudice. Kirby v. Gaub, 75 S.W.3d 916, 918 (Mo. Ct. App. 2002).

The September 2, 2005 interlocutory dismissal of Bommarito in Moeller I was not a final order and did not terminate the case. Plaintiffs did not suffer a nonsuit against Bommarito (or any of the other defendants) in regard to the Courtney Moeller wrongful death cause of action until they

---

[2]In fact, Bommarito remains potentially liable for the remaining claims in Moeller I should the other two defendants remaining in this case "[become] insolvent or for some other reason it [becomes] apparent that there is no other defendant 'from whom total recovery may be had for plaintiff's claim.'" Pender v. Bell Asbestos Mines, Ltd., 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999).

voluntarily dismissed the cause of action without prejudice on September 17, 2007.[3] Because Moeller II was filed less than one year later, the Missouri savings statute applies, and plaintiffs' claims are not barred by the statute of limitations.

The Court finds the circumstances of this case are nearly identical to those in Pender v. Bell Asbestos Mines, Ltd, a case from this District. There, the defendants attempted to remove the case from state court after the sole resident defendant was dismissed without prejudice pursuant to § 537.762. In a decision dated April 19, 1999, the court remanded the case back to state court finding the resident defendant remained in the case defeating diversity jurisdiction. Pender v. Bell Asbestos Mines, Ltd. (Pender I), 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999). Following remand, the plaintiffs voluntarily dismissed their cause of action without prejudice and re-filed the case within one year of the voluntarily dismissal. The defendants removed the case once again and made the very same argument defendants have made here – that the resident defendant was fraudulently joined

---

[3]The fact plaintiff voluntarily dismissed claims related to Courtney Moeller's wrongful death only does not preclude plaintiff from taking advantage of the savings statute. In Missouri wrongful death is a statutory cause of action and Mo. Rev. Stat. § 537.080 provides that one cause of action, that is "one indivisible claim for the [wrongful] death of a person which accrues on the date of death," may be brought under this section against any one defendant for the death of any one person. Denton v. Soonattrukal, 149 S.W.3d 517, 523 (Mo. Ct. App. 2004). In plaintiffs first petition, they brought two wrongful death actions – one for the death of their daughter Courtney, and one for the death of their son Dane. And, although these actions arose from the same vehicular accident, they are separate and distinct causes of action that could have been brought in separate civil suits. Lee v. Guettler, 391 S.W.2d 311, 313 (Mo. 1965) (holding the claims of the husband and that of the wife are separate causes of action against one defendant and "[o]ne may bring separate suits on separate causes of action even if joinder of the separate causes in one action is permissible . . ."); Chamberlain v. Missouri-Ark. Coach Lines, 189 S.W.2d 538, 540 (Mo. 1945) (injury from accident and death of spouse are separate actions that can be separately maintained). Furthermore, Missouri courts have held that plaintiffs may voluntarily dismiss and take a nonsuit as to a separate cause of action, even while other claims that were joined in the same suit go forward. Wilkins v. Cash Register Serv. Co., 518 S.W.2d 736, 743 (Mo Ct. App. 1975); Gray v. Ward, 136 S.W. 405, 407 (Mo. 1911).

because, among other reasons, the statute of limitations had run as to that defendant. The court rejected the defendants' argument and specifically found, as the Court does here, that the interlocutory dismissal of the resident defendant, made pursuant to § 537.762, was not final until the plaintiffs took a voluntary dismissal of the cause of action, and that the voluntary dismissal started the one-year deadline found in the savings statute as to all the defendants. Pender v. Bell Asbestos Mines, Ltd. (Pender II), 145 F. Supp. 2d 1107 (E.D. Mo. 2001). In reaching this decision, the court in Pender II made the following observation:

> This is the only result that makes sense. Because [the seller defendant] remained potentially liable to plaintiff in that action despite the interlocutory dismissal, the statute of limitations could not begin to run on plaintiff's claims against [the seller defendant] while the case was still pending against the other defendants. To decide otherwise would contravene the plain language of the "stream of commerce" statute, which premises the interlocutory dismissal of [the seller defendant] on the express condition that [the seller defendant] remain potentially responsible if there is no other defendant "from whom total recovery may be had for plaintiff's claim." If a seller such as [the defendant here] were reinstated as a defendant under this statute, but could nevertheless avoid liability under the statute of limitations, the state law is eviscerated.
> 145 F. Supp. 2d at 1114.

The Court concurs with the Pender II Court's analysis and observations. Because Bommarito remained in the wrongful death cause of action relating to the death of Courtney Moeller up until the time of the voluntary dismissal, the statute of limitations did not begin to run against Bommarito while the cause of action remained pending against the other defendants. As plaintiffs filed Moeller II within one year of the September 17, 2007 voluntary dismissal, they may take advantage of Missouri's savings statute. Plaintiffs' claims against Bommarito for the wrongful death of Courtney Moeller are not outside the statute of limitations period, and defendant Bommarito's motion to dismiss is denied.

### B. The Case Was Not Properly Removed Under 28 U.S.C. 1441.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Title 28 U.S.C. § 1441(b) allows defendants to remove a civil action from a state court to a federal court on the basis of diversity jurisdiction <u>only if none of the properly joined defendants are citizens of the state in which the original action was filed</u>. In short, a Court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992); Carroll v. Gold Medal of Tenn., Inc., 869 F. Supp. 745, 746 (E.D. Mo. 1994). According to the Eighth Circuit, this requirement is jurisdictional, and if statutory requirements for removal jurisdiction are not met, a district court has no jurisdiction. Hurt, 963 F.2d at 1145.

The defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997); In re Bus. Men's Assur. Co. of Am., 992 F.2d at 183.

Removal will not be defeated, however, by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. See Parnas v. General Motors Corp., 879 F. Supp. 91, 92 (E.D. Mo. 1995). This burden is substantial. In order to establish that a resident defendant has been fraudulently joined, the removing party must show that: (i) there is no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. Monroe v. Consolidated Freightways, Inc., 654 F. Supp. 661, 662-63 (E.D. Mo. 1987). Any contested fact issues must be resolved in favor of the plaintiff. See id. at 663 (citation omitted).

Here, defendants have not alleged there has been outright fraud in plaintiffs' pleading of jurisdictional facts as to defendant Bommarito.[4] And, defendants have not shown there is no possibility plaintiffs would not be able to establish a claim against Bommarito. As discussed above, the § 537.762 dismissal did not affect Bommarito's potential liability as a seller in the stream of commerce, and plaintiffs' claims against Bommarito are not barred by the statute of limitations. Pender, 46 F. Supp. 2d at 940; Malone, 965 S.W.2d at 182. Therefore, the Court rejects defendants' allegation that Bommarito was fraudulently joined. As defendants admit Bommarito is a resident of Missouri, this Court lacks diversity jurisdiction over the removed case because one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 706 (8th Cir. 2003).

---

[4] Defendants have alleged plaintiff have misrepresented their own state of residency. According to defendants, plaintiffs are residents of Illinois not Missouri. The Court need not address these allegations, however, because the case was not properly removed in any event.

10

## IV. Conclusion

For the reasons stated above, defendant Bommarito's motion to dismiss based on the applicable statute of limitations is denied. Because Bommarito, a resident of Missouri, remains in the suit, and defendants have not established the company was fraudulently joined, the Court concludes that it lacks subject matter jurisdiction over this removed action. Removal was improper under 28 U.S.C. § 1441(b), and the Court will remand the case to state court for further proceedings. Finally, defendant Ford and Mazda's motion to dismiss will be denied without prejudice as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bommarito Pontiac South, Inc.'s motion to dismiss is **DENIED.** [Doc. 7]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the County of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that defendant Ford Motor Company and Mazda Motor of America, Inc.'s motion to dismiss is **DENIED** without prejudice as moot. [Doc. 5]

An appropriate order of remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___15th___ day of January, 2008.